**MM&F**

Murray, Mancilla, & Fantone LLP

MANHATTAN
260 MADISON AVE, 22ND FLR
NEW YORK, NY 10016

QUEENS
125-10 QUEENS BLVD, STE 5
KEW GARDENS, NY 11415

**JOSEPH W. MURRAY**
QUEENS OFFICE
joseph@mmf-law.com
O 646.225.6686
C 718.514.3855
F 646.655.0269
NY, SDNY, EDNY

July 6, 2017

Sheng-Mei Chiu-Palmer, M.A.
NYPD Psychological Assessment Section
235 East 20th Street, 7th Floor
New York, New York 10003

NYPD License Division
Administrative Appeal Unit
One Police Plaza, Room 110
New York, New York 10038

        Re: Denial of Pistol License Application:
           Mr. Vincent Longobardi
           Disapproval Number 206/2016
           Notice of Disapproval: 10/19/2016

Dear Sirs:

  I am the attorney of record for Mr. Vincent Longobardi in connection with the above referenced denial of Mr. Longobardi's application for a Handgun License, as well as to check the status of Mr. Longobardi's application for a New York City Riffle Shotgun Permit (see copies of Mr. Longobardi's licenses attached to my previous letter dated November 16, 2016).

  I write today to notify the NYPD Psychological Assessment Section that my client would like to officially withdraw from consideration of employment as an Environmental Police Officer pursuant to Exam No: 4304 and List No: 7. Mr. Longobardi is withdrawing under protest, due to the unethical conduct NYPD Psychologist Sheng-Mei Chiu-Palmer and the NYPD License Division.

  I further write to express my outrage for the sham of a psychological evaluation that was conducted by NYPD Psychologist Sheng-Mei Chiu-Palmer for the obvious purpose of providing retroactive evidence to support the disapproval of my client's pistol license application. Moreover, I object to the protracted delays that are continuing to be imposed on my client by the NYPD License Division, the bogus pistol license application process that was followed, the grossly negligent investigation that followed, and the utter failure of the NYPD to afford my client either procedural and substantive due process of law, as is required under the state and federal constitution in connection with the above referenced disapproval.

  First, it has been made clear to my client through telephone conversations with Director of Psychological Services, Dr. Heather Jonas that none of my client's records maintained by the psychological service applicant screening unit were ever provided to the NYPD License Division. Obviously, this explains the protracted delays that we have been experiencing throughout the application process and now through the administrative appellate process. Clearly, the NYPD License Division did

no investigation into my client's fitness to possess a firearm beyond learning that he had previously been denied employment as a police officer. My client was already issued a pistol license, which he only surrendered because he was about to enter the police academy. It should be noted that the renewal application does not even ask if he was denied employment for a civil service position. There is simply no requirement that a pistol license applicant must pass the medical screening and background investigation required to become a police officer. That is analogous to denying someone employment in the NYC Public schools as a cook because he was denied employment as a chef at the Four Seasons. As such, the disapproval of Mr. Longobardi's pistol permit application and riffle shotgun license are textbook examples of arbitrary and capricious administrative determinations.

Dr. Jonas was also made aware through conversations with my client that I, and Dr. Gregory Mack, were representing Mr. Longobardi in connection with the NYPD License Division <u>appeal.</u> As such, it was unethical for NYPD Psychologist Sheng-Mei Chiu-Palmer to then interrogate my client in connection with his applications for those licenses. This is clearly unethical conduct.

> **DR 7-104 [1200.35]**
> **Communicating With Represented and Unrepresented Parties.**
> A. During the course of the representation of a client a lawyer shall not:
> 1. Communicate or cause another to communicate on the subject of the representation with a party the lawyer knows to be represented by a lawyer in that matter unless the lawyer has the prior consent of the lawyer representing such other party or is authorized by law to do so.
> 2. Give advice to a party who is not represented by a lawyer, other than the advice to secure counsel, if the interests of such party are or have a reasonable possibility of being in conflict with the interests of the lawyer's client.

This is even more egregious when NYPD Psychologist Sheng-Mei Chiu-Palmer was obviously operating with the knowledge that the only reason my client (who was previously granted a pistol permit and riffle-shotgun license) was disapproved for his pistol license merely because he was denied employment as a police officer, and she knew that the License Division had no knowledge as to why my client was denied employment. Obviously, it is reasonable to conclude that NYPD Psychologist Sheng-Mei Chiu-Palmer either was given marching orders to violate the attorney "no-contact" rule or she conspired with members of the NYPD License Division to violate the attorney "no-contact' Rule. It should also be noted that neither my client nor the doctor whom my client has engaged to assist in this appeal, Dr. Gregory Mack, PhD., have been able to obtain the records from the NYPD Psychological Applicant Screening Unit.

What is even more shocking is to learn that NYPD Psychologist Sheng-Mei Chiu-Palmer invited my client to an interview under the false pretense of allegedly completing my client's application process to become an Environmental Police Officer under Exam No: 4304 and List No: 7. After being ambushed at this interview NYPD Psychologist Sheng-Mei Chiu-Palmer proceeded to interrogate my client about his firearm application process including a repetitive barrage of questions to my client about why he wanted a pistol license so badly. In fact, she continued on and on with the obvious, but failed goal of upsetting my client. This is extremely unprofessional conduct, unethical conduct, and may even rise to the level of illegal conduct that may include (1) offering a false instrument for filing pursuant to Penal Law Section 175.30; (2) official misconduct pursuant to Penal Law Section 195.00; Obstructing Governmental Administration in the Second Degree pursuant to Penal Law Section 195.05 and other crimes.

**Penal Law § 175.30**
**Offering a false instrument for filing in the second degree.**
A person is guilty of offering a false instrument for filing in the second degree when, knowing that a written instrument contains a false statement or false information, he offers or presents it to a public office or public servant with the knowledge or belief that it will be filed with, registered or recorded in or otherwise become a part of the records of such public office or public servant.
Offering a false instrument for filing in the second degree is a class A misdemeanor.

**Penal Law § 195.00**
**Official misconduct.**
A public servant is guilty of official misconduct when, with intent to obtain a benefit or deprive another person of a benefit:
1. He commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized; or
2. He knowingly refrains from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office.
Official misconduct is a class A misdemeanor.

**Penal Law § 195.05**
**Obstructing governmental administration in the second degree.**
A person is guilty of obstructing governmental administration when he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act, or by means of interfering, whether or not physical force is involved, with radio, telephone, television or other telecommunications systems owned or operated by the state, or a county, city, town, village, fire district or emergency medical service or by means of releasing a dangerous animal under circumstances evincing the actor's intent that the animal obstruct governmental administration.
Obstructing governmental administration is a class A misdemeanor.

We intend to file formal complaints to the New York State Department of Education against NYPD Psychologist Sheng-Mei Chiu-Palmer; we intend to report the egregious facts of this case to NYPD Police Commissioner, James O'Neil as well as the Office of the Mayor. Upon completion of our investigation we may make an official referral to the New York County District Attorney's Office and the FBI Public Corruption Unit.

As of now, we are demanding an immediate investigation by the NYPD. Moreover, we are once again demanding that the NYPD provide us with (1) clarification of the exact basis why Mr. Longobardi's application was disapproved so that we can properly prepare for an appeal of this determination; and (2) copies of all records contained within your files that were considered by the agency in reaching its decision to disapprove Mr. Longobardi's application. In the alternative, we respectfully request that The NYPD

License Division provide us with a Final determination so that we can immediately pursue an appeal through CPLR Art. 78.

      Time is of the essence. Your prompt attention is respectfully requested.

      Please feel free to contact me with any questions you may have.

Very truly yours,

Joseph W. Murray, Esq.

Cc:    Client