**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

VINCENT LONGOBARDI,                                          :

                         Plaintiff,                  :

           -against-                                   :

CITY OF NEW YORK, JAMES O'NEILL, in his official          :
capacity as Police Commissioner of the New York City      :
Police Department; HEATHER JONAS, individually and        :
in her official capacity as former director of the New York   :
City Police Department's Psychological Services Unit;     :
SHENG-MEI CHIU-PALMER, individually and in her            :
official capacity as a former New York City Police        :
Department psychologist; MICHAEL BARRETO, in his          :
official capacity as former Commanding Officer of the     :
New York City Police Department License Division, and     :
VINCENT SAPIENZA, in his official capacity as             :
Commissioner of the New York City Department of
Environmental Protection,

                     Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

<u>MEMORANDUM DECISION</u>
<u>AND ORDER</u>

21 Civ. 2705 (GBD)

GEORGE B. DANIELS, United States District Judge:

     Plaintiff Vincent Longobardi brings this action against the defendants, the City of New

York, James O'Neill, in his official capacity as Police Commissioner of the New York City Police

Department ("NYPD"), Heather Jonas, individually and in her official capacity as former director

of the NYPD's Psychological Services Unit, Sheng-Mei Chiu Palmer, individually and in her

official capacity as a former NYPD psychologist, Michael Barreto, in his official capacity as

former Commanding Officer of the NYPD License Division, and Vincent Sapienza, in his official

capacity as Commissioner of the Department of Environmental Protection ("DEP") (collectively,

"Defendants"), alleging civil rights violations stemming from his unsuccessful attempt to secure

employment as a police officer with the DEP.  Plaintiff alleges that Defendants violated his First,

Second, and Fourteenth Amendment Constitutional rights by disapproving his handgun license

renewal application and by denying his DEP employment application. He seeks damages for those alleged violations through claims brought pursuant to 18 U.S.C. §§ 1983, 1985(3), and 1986, and the tort of negligent infliction of emotional distress.

Defendants move to dismiss the complaint as time-barred and under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]  For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## I.    BACKGROUND

Plaintiff Longobardi is a former aspirant for employment as a police officer with the City of New York. (Complaint ("Compl."), ECF No. 1, ¶ 20.)  As alleged, Plaintiff applied for employment as an Environmental Police Officer ("EPO") with the DEP sometime in 2013. (*Id.* ¶ 22.)  In December 2013, Plaintiff took a civil service examination for the position, (*id.*), and in 2014, he completed various other components of the hiring process, including drug testing and a psychological assessment, (*id.* ¶¶ 23–26). On October 27, 2014, Plaintiff surrendered his restricted handgun license and his rifle and shotgun permit (collectively, "permits") and vouchered his personal firearm (a semiautomatic handgun) in connection with his application for employment as an EPO. (*Id.* ¶¶ 27–31.)  When Plaintiff was not called for the police academy in March 2015, he applied for the reinstatement of his permits. (*Id.* ¶ 37.)  By March 2016, Plaintiff had still not been called for the academy. (*Id.* ¶ 42.)  He also had not yet been reissued his permits or had his firearm returned. (*Id.*)

---

[1] In their opening brief, (ECF No. 11), Defendants moved to dismiss all eight causes of actions as time-barred. At oral argument, Defendants abandoned their statute of limitations defenses as to all but one cause of action: Plaintiff's Fourth Cause of Action based on 42 U.S.C. § 1986. (Transcript of April 20, 2022 Oral Argument ("Tr."), ECF No. 31, 7:15–8:1.)

On October 19, 2016, Plaintiff received a Notice of Disapproval from the NYPD License Division. (Compl. ¶ 43.) According to the notice, the Division denied Plaintiff's permit applications because he failed the psychological assessment he had taken in connection with his employment application. (*Id.*) Plaintiff thereafter retained counsel to appeal the disapproval. (*Id.* ¶ 52.) Plaintiff also submitted two requests pursuant to New York State's Freedom of Information Law ("FOIL") for records relating to Plaintiff's disqualification for employment as a police officer. (*Id.* ¶ 53.) Approximately six months later, Defendant Jonas purportedly informed Plaintiff that his employment application was still under review. (*Id.* ¶ 59.)

Plaintiff then alleges that he was asked to schedule another psychological examination in connection with his employment application in May 2017. (Compl. ¶¶ 74–77.) During the oral component of the exam, Plaintiff claims he was subjected to a barrage of questions and criticism by the exam administrator, Defendant Chiu-Palmer, regarding his gun permit applications and status as a gun holder. (*Id.* ¶¶ 88–91.) Plaintiff says he was called in for this second psychological exam under the "false pretense" that he was being evaluated for employment when, in actuality, Defendants were fishing for information to retroactively substantiate their denial of Plaintiff's permit applications. (*Id.* ¶¶ 92–94.)

On July 6, 2017, Plaintiff's counsel sent Defendants a letter withdrawing Plaintiff's employment application "under protest" due to what Plaintiff described as the "unethical and illegal conduct of" Defendants. (Compl. ¶ 110.) Roughly three weeks later, Plaintiff's administrative appeal of the denial of his permit applications was granted. (*Id.* ¶ 111.) On August 14, 2017, Plaintiff sent another letter requesting the current status of his employment application. (*Id.* ¶ 112.) In March 2021, Plaintiff learned via correspondence with the City that he had been

removed from the eligible list for the EPO position on July 25, 2016—approximately ten months before he says he was called in for his second psychological evaluation. (*Id.* ¶ 106.)

Plaintiff claims that the lengthy hiring process, and the denial of his employment application and firearm permits, were part of an inter-agency conspiracy between Defendants to treat Plaintiff unfairly because of Defendants' "anti-gun" bias. (*Id.* ¶ 107.) He elsewhere characterizes the purpose of the conspiracy as to "retaliate against him for engaging in protected speech as a whistleblower." (*Id.* ¶ 73.) Plaintiff further alleges that, to date, he has not received a disqualification letter or any written notice that his employment application was terminated. (*Id.* ¶¶ 134–137.) He claims that these failures amount to a violation of his rights to procedural and substantive due process because the lack of written notice prevented Plaintiff from appealing the disqualification decision. (*Id.* ¶ 138). Plaintiff also claims procedural and substantive due process violations predicated on the initial denial of his permit application. (*Id.* ¶ 69.) Finally, Plaintiff claims that the alleged conspiracy denied him equal protection of the law by unconstitutionally discriminating against him for "having previously been a pistol license holder and having purportedly failed the psychological assessment test in prior civil service police officer applications." (*Id.* ¶ 68.)

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

4

The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

## III.   PLAINTIFF FAILS TO ALLEGE DUE PROCESS VIOLATIONS AS TO THE DENIALS OF HIS PERMITS AND EMPLOYMENT APPLICATIONS

Plaintiff asserts procedural and substantive due process violations pursuant to 42 U.S.C. § 1983 predicated on the denials of his pistol permit and his employment application. (*See* Compl. ¶¶ 145–48 (Plaintiff's First Cause of Action), ¶¶ 163–66 (Plaintiff's Fifth Cause of Action), ¶¶ 167–78 (Plaintiff's Sixth Cause of Action).) Because Plaintiff fails to state any due process claim, his First, Fifth, and Sixth Causes of Action are dismissed.

### A.   Plaintiff Has Not Stated Any Procedural Due Process Violation

"A procedural due process claim is composed of two elements: (1) the existence of a property or liberty interest that was deprived and (2) deprivation of that interest without due process." *Bryant v. New York State Educ. Dep't*, 692 F.3d 202, 218 (2d Cir. 2012); *see also Hynes v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998) ("To state a Section 1983 claim, a plaintiff must demonstrate that he possessed a protected liberty or property interest, and that he was deprived of

5

that interest without due process."). Plaintiff's allegations are insufficient to meet this standard, either with respect to the denial of his permits or the termination of his employment application.

## 1. Plaintiff Received Adequate Process in Connection with his Request for the Reissuance of his Permits and the Return of his Handgun

As noted above, the first step in the due process analysis is to determine whether Plaintiff has plead a protected liberty or property interest. *Bryant*, 692 F.3d at 218. As an initial matter, it is unclear whether Plaintiff's due process claim includes Defendants' denial of his rifle and shotgun permit or if his claim is based solely on the revocation of his pistol license. (*Compare* Compl. ¶¶ 37, 42, 70, 110 (asserting grievances stemming from denial of both pistol license and rifle and shotgun permit) *with* Compl. ¶ 147 (predicating first cause of action only on Defendants' denial of Plaintiff's "pistol license").) This distinction is important because, while several cases in this Circuit confirm there is no protected liberty or property interest in a handgun license, *see e.g., Boss v. Kelly*, 306 F. App'x 649, 650 (2d Cir. 2009) (citations omitted), the law distinguishes between handguns and "long-arms" for the purposes of due process. There is support in the law for a protected interest in long-arms. *See e.g., Panzella v. Sposato*, 863 F.3d 210, 218 (2d Cir. 2017) (finding that plaintiff had property interest in rifles and shotguns).

This Court need not resolve the ambiguity in the complaint, however, because even if Plaintiff maintained a property interest in his pistol license, the handgun itself, or in his rifle and shotgun permit, he cannot satisfy the second element of the due process analysis: he cannot show that adequate procedures were unavailable to him to challenge Defendants' denial of his permits. "[W]here a plaintiff alleges deprivation of property in violation of the due process clause, the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991). If so, there can be no claim. *Id.* Here, Plaintiff received notice that his permits were denied, was

6

informed as to the administrative review procedures available to challenge that denial, mounted

such a challenge, and won. Given Plaintiff's success on administrative appeal, it can hardly be

said that the procedures available to him were inadequate.[2]  Far from any deprivation, and

irrespective whether any was actually due, due process is exactly what Plaintiff received.

### 2.    Plaintiff Does Not Have a Property Interest in Employment with the NYPD or DEP

To state a valid claim under 42 U.S.C. § 1983 for deprivation of procedural due process, a

plaintiff must plead facts showing that he possesses a liberty or property interest in the benefit or

right of which he was deprived. *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 313 (2d Cir. 2002).

To have "property interest in a benefit, a person clearly must have more than an abstract need or

desire for it. He must have more than a unilateral expectation of it." *Bd. of Regents of State Colls.*

*v. Roth*, 408 U.S. 564, 577 (1972).  A plaintiff must "instead[] have a legitimate claim of

entitlement to it." *Finley v. Giaccobe*, 79 F.3d 1285, 1296 (2d Cir. 1996) (quotations omitted).

Within this framework, this Circuit has held that a prospective employee does not have a "property

right or entitlement to [a] position." *Coogan v. Smyers*, 134 F.3d 479, 487 (2d Cir. 1998); *see also*

*Abramson v. Pataki*, 278 F.3d 93, 100 (2d Cir. 2002) ("[T]here is no constitutionally protected

property interest in prospective government employment"); *Crenshaw v. City of New Haven*, 652

F. App'x 58, 60 (2d Cir. 2016) (no property interest in "conditional offer" of employment or

placement on the "eligibility list" for entry-level position as a firefighter).  Because Plaintiff has

---

[2] As Defendants correctly note, had Plaintiff's administrative appeal been denied, Article 78 proceedings were available to ensure that Plaintiff had adequate procedural due process to vindicate any alleged right to his permits or handgun. It is settled law in this Circuit that "[a]n Article 78 proceeding provides the requisite post-deprivation process," regardless of whether a plaintiff pursues it. *Anemone v. Metropolitan Transp. Authority*, 629 F.3d 97, 121 (2d Cir. 2011); *Johnson El ex rel. Johnson v. DeProspo*, No. 19-cv-8426, 2019 WL 6311882, at *4 (S.D.N.Y. Nov. 22, 2019) (Article 78 proceeding "is an adequate remedy to challenge decisions with respect to firearms licenses") (collecting cases). The availability of this remedy separately compels this Court to dismiss Plaintiff's procedural due process claims.

7

alleged no facts to support, nor does he maintain, that he has any entitlement to employment as a police officer with the DEP, Defendants did not deny him due process when they terminated his employment application.

At oral argument, Plaintiff conceded he has no claim or entitlement to the job for which he applied. (Tr. 47:10–25.) What he takes issue with, rather, is the way he says his application was denied. (*Id.*) Specifically, Plaintiff complains that he never received notice of his disqualification or that he was placed under investigative and psychological review and, as such, could not appeal either decision, and that he was denied access to his files.[3] (Tr. 35:3, 83:25–84:21; Compl. ¶¶ 134–38.) But Plaintiff is only entitled to notice and the remedy of appeal—*i.e*, procedural due process—if he can first establish that he has a property interest in the thing deprived, which he cannot do. Simply put, there is no Constitutional right to be told you did not get a job.

## B.   Plaintiff Has Not Stated Any Substantive Due Process Violation

Plaintiff has also failed to allege any facts forming the basis of a plausible substantive due process claim. Substantive due process standards are violated "only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority." *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999) (citation omitted); *see also Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994) (substantive due process prohibits government from taking actions that are "arbitrary," "conscience-shocking," or "oppressive" in a constitutional sense). Government action that is merely "incorrect or ill-advised" is insufficient to give rise to a substantive due process violation. *Lowrance*, 20 F.3d at 537. A plaintiff asserting a violation of substantive due process must allege that the government exercised power "'without any reasonable justification in the service of a legitimate governmental objective.'" *SeaAir N.Y., Inc. v. City of*

---

[3] With respect to his records request, if Plaintiff believes he submitted a request pursuant to FOIL that went ignored, the appropriate claim is one pursuant to FOIL that seeks production of those files.

*N.Y.*, 250 F.3d 183, 187 (2d Cir. 2001) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

Here, Plaintiff does not allege, nor can it be said, that Defendants' practices of denying firearms permits and employment as a police officer to individuals who fail Departmentally-administered psychological assessments are "without any reasonable justification," "conscious-shocking," or without "legitimate government objective." Nor has Plaintiff asserted conduct by any Defendant that is so outrageously arbitrary as to constitute a gross abuse of governmental authority. Plaintiff clearly disagrees with Defendants' decisions and with the rules pursuant to which his pistol permit was initially denied. That disagreement, without more, is insufficient to form the basis of a substantive due process claim. Accordingly, Plaintiff's substantive due process claims are dismissed.

## IV.     PLAINTIFF FAILS TO ALLEGE AN EQUAL PROTECTION CLAIM

Plaintiff also alleges that Defendants' denial of his pistol license violated his right to Equal Protection under the Fourteenth Amendment. Plaintiff does not base his equal protection claim on membership in a protected class. Rather, he brings his claim under a class-of-one theory. To sufficiently plead a "class-of-one" claim, Plaintiff must allege that "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate governmental policy." *Fahs Constr. Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (quotations omitted). Plaintiffs proceeding under this theory "must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (quotations omitted).

Under this standard, Plaintiff's allegations do not suffice. Plaintiff's theory is that he was treated less favorably than other applicants for firearm permits who have never been psychologically disqualified from employment as a police officer. (Compl. ¶ 151; Tr. 41:8–23; 71:11–13; 74:3–76:5.) This application of the "class of one" theory is misguided. Indeed, rather than allege that their circumstances are similar, Plaintiff highlights an important difference between him and the other members of his purported class: he failed the Department's psychological assessment and the others did not. Because Plaintiff has not alleged that any individual whose circumstances, aside from being treated more favorably than Plaintiff, are "prima facie identical [to his] in all relevant respects," *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005), he does not state an Equal Protection claim, *see Ruston*, 610 F.3d at 60 (dismissing "class of one" claim where plaintiff's comparators were differently situated from plaintiff). Plaintiff's Second Cause of Action is dismissed.

## V.    **PLAINTIFF'S CONSPIRACY CLAIMS ARE BARRED**

Plaintiff's Third and Fourth Causes of Action allege that Defendants conspired to deprive Plaintiff of his right to bear arms in violation of 42 U.S.C. §§ 1985(3) and 1986. Defendants argue that Plaintiff's claims fail under the "intracorporate conspiracy doctrine," which holds that officers, agents, and employees of a single corporate entity, when acting within the scope of their employment, are legally incapable of conspiring together. *Girard v. 94th St. and Fifth Ave. Corp.*, 530 F.2d 66, 71–72 (2d Cir. 1976). Defendants are correct. Because Defendants are all employees or agents of the City of New York, and the alleged conspiratorial activities pertained to and were motivated by their respective employment duties, Plaintiff's conspiracy claims are barred by the

intracorporate conspiracy doctrine.[4] *See Murphy v. City of Stamford*, 634 F. App'x 804, 805 (2d Cir. 2015) (applying doctrine to bar §§ 1985(3) and 1986 claims against municipal defendants).

Further, it is well-established that Section 1985(3) itself creates no rights. It is a "purely remedial statute, providing a civil cause of action when some otherwise defined federal right—to equal protection of the laws or equal privileges and immunities under the laws—is breached by a conspiracy in the manner defined by the section." *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979). Because none of Plaintiff's other causes of action can withstand Defendants' motion to dismiss, there is no basis on which Plaintiff can pursue a Section 1985(3) claim. *See Walker v. New York City Transit Auth.*, No. 99 CIV. 3337 (DC), 2001 WL 1098022, at *13 (S.D.N.Y. Sept. 19, 2001) (dismissing Section 1985(3) claim where Plaintiff's related causes of action all failed to state a claim). And because Section 1986 claims are derivative of Section 1985 claims, Plaintiff's Fourth Cause of Action also cannot survive. *See Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996).

---

[4] There is case law establishing a "personal interest" or "personal stake" exception to the intracorporate conspiracy doctrine, which permits a Section 1985 claim notwithstanding the defendants' joint employment where defendants were "motivated by an independent personal stake in achieving the corporation's objective." *See Girard*, 530 F.2d at 72. Neither Plaintiff's complaint nor his response to Defendants' motion to dismiss refer to this exception. The only inference of a personal interest or stake to be drawn from Plaintiff's allegations is that Defendants were motivated by their "anti-gun" bias. (*See e.g.,* Compl. ¶ 107.) But because discriminatory animus is a necessary element of a § 1985(3) claim, *see Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971), there must be some personal stake alleged *other than the fact of bias itself* to give rise to § 1985(3) liability. *Johnson v. Nyack Hosp.*, 954 F. Supp. 717, 723 (S.D.N.Y. 1997) (if "bias were sufficient to defeat the intra[corporate] conspiracy doctrine, the exception would swallow the rule"); *e.g., Roniger v. McCall*, 22 F. Supp. 2d 156, 168-69 (S.D.N.Y. 2000) (defendant had "personal stake in being reelected [to political office], and in downplaying his compromised political independence"); *Yeadon v. New York City Transit Auth.*, 719 F. Supp. 204, 207, 212 (S.D.N.Y. 1989) (police officers who engaged in race-based false arrests to "improve their arrest records in order to secure promotions and other benefits" had "independent, conspiratorial purpose"). Here, there are no allegations that suggest that any of the Defendants were motivated by an independent personal stake in the denials of Plaintiff's permits and employment applications.

11

Finally, Plaintiff's Section 1986 claim under the Fourth Cause of Action separately warrants dismissal because it is time-barred.  A one-year statute of limitations governs Section 1986 claims.  42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").  At the latest, the actions complained of terminated on July 28, 2017, when Plaintiff's administrative appeal of the denial of his pistol permit was resolved in Plaintiff's favor.  (*See* Compl. ¶ 69.)  This suit was filed almost four years after Plaintiff won his appeal, well outside the statute of limitations.

Plaintiff's Third and Fourth Causes of Action are dismissed.

## VI.   PLAINTIFF FAILS TO ALLEGE RETALIATION

Plaintiff also alleges that Defendants denied him employment as a DEP police officer in retaliation for two letters he submitted "petitioning the government for a redress of grievances and exposing corruption and other matters of public concern...within the NYPD."  (Compl. ¶ 180.) To survive dismissal, "a plaintiff asserting a First Amendment retaliation claim must advance non-conclusory allegations establishing: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action."  *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 106 (2d Cir. 2001) (citation omitted).

Plaintiff has failed to make the third showing.  There is no indicia of any causal relation between Plaintiff's letters and Defendants' termination of his employment application.  The letters in question, which Plaintiff attached to his complaint, are dated July 6, 2017 and August 24, 2017.[5] (Compl., Exs. 2, 3.)  Plaintiff was removed from the eligible list in connection with his employment application on July 25, 2016, almost a full year *before* he sent his first complaint letter.  (Compl.

---

[5] In deciding a motion to dismiss, the court may refer "to documents attached to the complaint as an exhibit or incorporated in it by reference."  *Brass v. Am. Film Tech., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

Ex. 1.)  Defendants cannot have retaliated against Plaintiff for something he had not yet done. Indeed, Plaintiff's letters were a reaction to Defendants' actions, rather than the other way around. Plaintiff has therefore failed to state a claim for retaliation.  Plaintiff's Seventh Cause of Action is dismissed.

## VII.  PLAINTIFF FAILED TO COMPLY WITH THE REQUIREMENTS NECESSARY TO BRING A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

At oral argument, Plaintiff conceded that he did not comply with the notice requirements necessary to bring a claim for negligent infliction of emotional distress.[6]  (Tr. 60:20–61:2.)  This cause of action is therefore dismissed.

## VIII.  CONCLUSION

Defendants' motion to dismiss, (ECF No. 11), is GRANTED.[7]  The Clerk of Court is directed to close the motion accordingly.

Dated: June 2, 2022
      New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

---

[6] Although Plaintiff sues Defendants Jonas and Chiu-Palmer individually in addition to in their official capacities, (Compl. ¶ 4), and so need not have filed a notice of claim in order to bring suit against them, Plaintiff's claim also fails as a matter of law.  To make out a claim for negligent infliction of emotional distress, a plaintiff must allege "that the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Sankara v. O'Hara*, No. 15-CV-7761, 2017 WL 6001841, at *7 (S.D.N.Y. Dec. 4, 2017) (citing *Berrios v. Our Lady of Mercy Med. Ctr.*, 20 A.D.3d 361, 362 (1st Dep't 2005)).  The conduct alleged does not come close to meeting this high standard.

[7] Given that Plaintiff has not previously amended his complaint, Plaintiff may move for leave to amend by letter application, attaching a proposed amended complaint, if such amendment would not be futile, on or before June 30, 2022.  Defendants shall file any opposition to any application to amend on or before July 21, 2022.